## MONA BELL v. STATE.

No. A-10758.   Oct. 29, 1947.

(186 P. 2d 344.)

Mac Q. Williamson, Atty. Gen., for the State.

BAREFOOT, P. J.   Defendant, Mona Bell, was charged in the district court of Bryan county with the

crime of robbery with firearms; was tried, convicted and sentenced to serve a term of twelve years in the State Penitentiary, and has appealed.

The petition in error with case-made attached was filed on May 24, 1946. Defendant had 60 days in which to file a brief. Extensions of time of 30 days each were granted defendant on July 30, 1946, August 14, 1946, and October 3, 1946. The case was set for oral argument on March 5, 1947. No one appeared for the defendant, and the case was submitted on the record on that date and an order entered giving defendant 20 days additional time to file brief. No brief has been filed, and we presume defendant failed to make proper arrangements with his attorney. The attorney who filed the petition in error is not the same one who represented defendant in the trial court.

Under Rule 9 of this court, it is provided:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

We have carefully examined the record in this case, and do not find any error which would in any way prejudice the rights of the defendant. He was charged with the crime of robbery with firearms. He was charged jointly with four other parties with the robbery of the First State Bank of Bokchito, Bryan county, Okla., on January 14, 1935. The information was filed on September 21, 1945, more than ten years after the commission of the offense. Defendant was not apprehended until shortly before that time. He was positively identified by a large number of witnesses, who saw him at the time the Bank

was robbed, and the sum of $526 taken therefrom. Three of the party, including the defendant, entered the bank and actively committed the robbery, and two of the party remained in the automobile, and all escaped together. Besides the positive identification of defendant, other circumstances were proven which justified the conviction of defendant by the jury.

The defendant's defense was that of an alibi. He claimed that he was at Alba, Tex., on January 14, 1935, and the day prior thereto. He presented a number of witnesses who testified to this fact. The court properly presented an instruction to the jury covering this defense. Under the law, this was all for the consideration of the jury, and their verdict will not be set aside where the evidence is sufficient to sustain the same.

Defendant, after judgment and sentence, filed and presented a supplemental motion for a new trial on the grounds of newly discovered evidence. This motion had reference to evidence of other witnesses who would corroborate the testimony of the witnesses presented at the trial as to the presence of defendant in Alba, Tex., on January 13, and 14, 1935. The trial court in its discretion overruled this supplemental motion for a new trial, and we do not find there was prejudicial error in this action. The evidence could only have been cumulative, and due diligence was not shown to obtain the same. No affidavit of the witnesses was attached to the supplemental motion. The court was evidently of the opinion that this evidence would not result in a different verdict from that returned.

Finding no prejudicial error in the record, the judgment of the district court of Bryan county is affirmed.

JONES and BRETT, JJ., concur.