## FORD v. STATE.

No. A-11094. Feb. 1, 1950.

(214 P. 2d 462.)

Everett Collins, Sapulpa, for Ford.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., and K. D. Bailey, Co. Atty., Okmulgee, for the State.

BRETT, J.  The defendant below, Frank Ford, was charged in the superior court of Okmulgee county, Henryetta division, with the crime of murder; was tried, convicted of first degree manslaughter and sentenced to serve a term of 25 years in the State Penitentiary, and he appeals.

The petition in error with case-made attached was filed herein on July 9, 1948. The defendant had 60 days within which to file a brief. The defendant filed no brief in his behalf. The case was set for oral argument on October 26, 1949. No one appeared for the defendant, and the case was submitted on the record on that date. No briefs have been filed nor appearances made subsequent thereto. Under Rule No. 9 of this court it is provided:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence and if no prejudicial error appears will affirm the judgment." See Bell v. State, 85 Okla. Cr. 150, 186 P. 2d 344.

We have carefully examined the record in this case and do not find any error which would in any way prejudice the rights of the defendant.

It appears in the state's case from the record that on July 27, 1947, the same day but preceding the killing herein involved that James Ruff and Allan Ford, the son of the defendant, had an altercation in which Ruff cut Allan Ford with a knife. It further appears that Hubert Porter feared that Ruff might suffer violence at the hands of Frank Ford and that he armed him with a pistol. This fact was discovered by Frank Ford and a man by the name of J. D. Miles who accompanied him to the scene of the cutting altercation. Some words were had between Hubert Porter and Frank Ford at that time relative to his having armed Ruff. After words were exchanged between them, Porter retrieved his pistol from Ruff. Ford and Miles left the scene of this altercation and about dark Porter likewise left with a carload of boys and girls. The record further shows that Hubert Porter had been having trouble with his lights and he was driving without

lights. While on the way home with his passengers on July 27, 1947, at 7 p. m., he had a collision with Ford and Miles, and another party in the Frank Ford automobile, as they approached one another topping a little rise in the road, traveling in opposite directions. Immediately followng the automobile collision in which the defendant was riding with the one being driven by Hubert Porter, the said defendant, in the heat of passion left his automobile and went to the automobile of Hubert Porter, opened the door and after some words shot the said Hubert Porter in the elbow, the shoulder, in the right chest and the forehead from which wounds he died.

The defendant's evidence was to the effect that the collision was a deliberate attempt on the part of Hubert Porter to kill all of the people riding in the defendant's automobile, and that when he approached him immediately following the accident, that he had a .38 caliber automatic Colts pistol down between his legs which he threatened to use on the defendant, and the defendant shot the decedent Hubert Porter in self-defense.

The jury resolved these issues against the defendant, and found him guilty as hereinbefore set forth. The evidence is entirely sufficient to support the conviction of the defendant. We have examined the pleadings, the instructions of the court and exceptions taken thereto, and the judgment and sentence and find no prejudicial error in the record. The record so appearing, the judgment and sentence of the superior court of Okmulgee county, Henryetta division, is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.